UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERI JAMES,

      Plaintiff,

v.                                                                        CASE NO. 8:16-cv-2773-T-23TGW

INTELLIGENT SOFTWARE
SOLUTIONS, INC.,

      Defendant.

_____/

## **ORDER**

Sheri James sues (Doc. 21-1) Intelligent Software Solutions, Inc., under the
Florida Civil Rights Act (FCRA) for sexual harassment, retaliation, and handicap
discrimination, and under Florida's Whistle-blower Act (WBA) for retaliation.
Intelligent moves (Doc. 33) under Rule 12(b)(6), Federal Rules of Civil Procedure, to
dismiss Counts I through IV.

## **FACTS**

Intelligent, a federal government contractor, employed James at a federal
facility.  (Doc. 21-1, ¶ 10, 11, 18)  James Bennett, a federal employee, allegedly
sexually harassed James.  (Doc. 21-1, ¶ 19)  James alleges that she reported Bennett's
harassment to Intelligent and that Intelligent "failed to take prompt, remedial action"
to end the harassment.  (Doc. 21-1, ¶ 20–22)

Following Intelligent's alleged failure to "take remedial action," James allegedly reported Bennett's behavior to Terry Meyer, a federal employee and a liaison between Intelligent and the federal government, and "informed Meyer that she would file an Equal Employment Opportunity Commission discrimination charge, if necessary."  (Doc. 21-1, ¶ 25–28)  Meyer allegedly reported James's harassment allegation to Intelligent and "directed" Intelligent to terminate James. (Doc. 21-1, ¶ 30)

**Sexual Harassment**

To state a claim under the FCRA for sexual harassment, the plaintiff must allege harassment "severe enough to affect a term, condition, or privilege of employment and to create a discriminatorily abusive working environment."  *Russell v. KSL Hotel Corp.*, 887 So. 2d 372, 377 (Fla. 3d DCA 2004) (Levy, J.).  Intelligent argues that the conduct of Bennett, whom Intelligent neither employs nor controls, cannot subject Intelligent to liability for sexual harassment.  But an employer is liable for failing to remedy the harassment of an employee by a third party who creates a hostile work environment.  *Beckford v. Department of Corrections*, 605 F.3d 951, 958 (11th Cir. 2010).

Without alleging any specific facts (for example, the time, place, and manner of Bennett's harassment), James alleges that she "was sexually harassed by an employee of the federal government, James Bennett."  (Doc. 21-1, ¶ 19)  James fails to allege facts sufficient to state a claim of sexual harassment.

- 2 -

**Retaliation**

When examining an FCRA retaliation claim, "Florida courts follow federal case law." *Carter v Health Management Associates*, 989 So.2d 1258, 1262 (Fla. 2d DCA 2008) (Wallace, J.).  To state a claim for retaliation, James must allege protected expression,[1] an adverse employment action, and a causal connection between the expression and the retaliation.  *Brown v. Snow*, 440 F.3d 1259, 1266 (11th Cir. 2006).  "The causal link element is construed broadly"; James "merely has to prove that the protected activity and the negative employment action are not completely unrelated."  *Pennington v. City of Huntsville*, 261 F.3d 1262 1266 (11th Cir. 2001).

Intelligent argues (1) that James's "theory of liability is based on the false premise that government employee Bennett's imagined retaliatory intent can be imputed to [Intelligent]" and (2) that because Intelligent is not Meyer's employer "[Meyer's] speculated unlawful animus towards [James] cannot be imputed to [Intelligent]."[2]  (Doc. 39 at 2, 3)  Therefore, Intelligent asserts, no causal link exists between James's sexual harassment allegation and her termination.

As summarized in *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir. 1999), in some cases if a discharge recommendation directly results in the

---

[1] Protected expression occurs when a complainant attempts to exercise an FCRA right.  To establish protected expression a plaintiff must demonstrate that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices."  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

[2] The complaint lacks an allegation that Bennett retaliated.

employee's discharge an employer is liable for a discharge recommendation by a third party who lacks discharge power:

> We have previously stated the general proposition that in some cases, a discharge recommendation by a party with no power to actually discharge the employee may be actionable if the plaintiff proves that the recommendation directly resulted in the employee's discharge. . . . However, as we have recently explained, this causation must be truly direct. When the biased recommender and the actual decisionmaker are not the same person or persons, a plaintiff may not benefit from the inference of causation that would arise from their common identity. Instead, the plaintiff must prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of the other party's decision to terminate the employee.

> One way of proving that the discriminatory animus behind the recommendation caused by the discharge is under the "cat's paw" theory. This theory provides that causation may be established if the plaintiff shows that the decisionmaker followed the biased recommendation without independently investigating the complaint against the employee. In such a case, the recommender is using the decisionmaker as a mere conduit, or "cat's paw" to give effect to the recommender's discriminatory animus.

*Stimpson*, 186 F.3d at 1331–1332.  Under *Stimpson*, an employer is liable for a retaliatory discharge recommendation by a "party"; the term "party" is wide enough to encompass a retaliatory discharge recommendation from a "person" not in the employment of the employer who terminated the employee.

James satisfactorily alleges that she complained about sexual harassment and that Intelligent terminated her.  Also, by alleging that four days elapsed between James's reporting the harassment and Intelligent's terminating her (Doc. 21-1 at 4), James implies that Intelligent failed to independently investigate Meyer's complaint. In sum, James successfully pleads a causal connection between the alleged expression and the retaliation.

- 4 -

**Whistleblowing**

Section 448.102(3), Florida Statutes, protects an employee from retaliatory action on the basis of an employee's objection to, or refusal to participate in, "any activity, policy, or practice of the employer [that violates] a law, rule, or regulation." *Golf Channel v. Jenkins*, 752 So. 2d 561, 564 (2000). James must allege a refusal to participate in an illegal activity, policy, or practice of Intelligent; an adverse employment action; and a causal link between the adverse employment action and her objection or refusal. *See Usher v. Nipro Diabetes Systems, Inc.*, 184 So. 3d 1261–1262 (Fla. 4th DCA 2016) (Gross, J.).

Contrary to Intelligent's assertion (Doc. 33 at 5–6), the FWA protects those who allege workplace sexual harassment. *Little v. Foster Wheeler Constructors, Inc.*, 2010 WL 2035546, at *7 (S.D. Fla. 2010) (Seltzer, J.), *aff'd* 432 Fed. Appx. 907 (11th Cir. 2011); *Rivera v. Torfino Enterprises, Inc.*, 914 So. 2d 1087 (Fla. 4th DCA 2005) (Taylor, J.); *Underwood v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 890 So. 2d 429 (Fla. 4th DCA 2004) (Geiger, J.).

James alleges, that Intelligent violated the law, that she objected to the violation, that Intelligent failed to promptly remedy the alleged harassment, that she engaged in protected conduct by reporting the alleged sexual harassment, and that Intelligent dismissed her because she reported the sexual harassment to Intelligent and to Meyer. As discussed in the analysis of James's FCRA retaliation claim, James sufficiently alleges that her firing is causally linked to her objecting to unlawful

sexual harassment in the workplace.  The complaint states a claim for retaliation under Florida's Whistleblower Act.

**Handicap discrimination**

The FCRA prohibits an employer from "discriminat[ing] against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."[3]  Because the FCRA is modeled on Title VII, federal precedent informs statutory interpretation.  *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028, 1030 (Fla. 1st DCA 2002) (per curiam).  To state a claim for handicap discrimination, James must allege that she is handicapped or perceived as handicapped, that she is a "qualified individual," and that she suffered unlawful discrimination because of the handicap.  *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).  A plaintiff is "perceived as" handicapped if the plaintiff "has no physical or mental [handicap] but is treated by an employer as having such [a handicap]."  *Rossbach v. City of Miami*, 371 F.3d 1354, 1360 (11th Cir. 2004).

The Americans with Disabilities Act defines a handicap as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such impairment; or being regarded as having such an impairment."[4]  "Major life activities" include "functions such as caring for oneself,

---

[3] Section 760.10(1)(a), Florida Statutes.

[4] 42 U.S.C. § 12102(2).

performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working."  *Bragdon v. Abbott*, 524 U.S. 624 (1998).

James alleges that "[a]s a result of [her] repeated reports of sexual harassment by Bennett, Defendant perceived James as having a mental handicap . . . . Defendant terminated James's employment because it perceived her as handicapped."  (Doc. 21-1 at 6)  Because James fails to allege what mental disability she believes that Intelligent thought she suffered, fails to allege how reports of sexual harassment limited her in a major life activity, and fails to allege that Intelligent perceived her as limited in a major life activity, James fails to state a claim for handicap discrimination.[5]

**Punitive damages**

The FCRA allows punitive damages.  Intelligent moves under Rule 12(b)(6) to dismiss the punitive damages claims.  A complaint must allege an adequate factual basis for punitive damages.  *See generally Scutieri v. Paige*, 808 F.2d 785, 791–793 (11th Cir. 1987).[6]

The standard for a punitive damages award under Section 760.10 is unclear. "The Florida statute contains no express requirement that actions appropriate for punitive damage awards must be willful, malicious or constitute wanton conduct by

---

[5] James argues unconvincingly "that it is plausible that Defendant perceived James as having 'made up' or 'hallucinated' the harassment, i.e. had a mental handicap of some sort—whether it was schizophrenia, PTSD, depression, anxiety—James cannot say at this juncture."  (Doc. 36 at 6)

[6] Section 760.11(5) states that the general punitive damages pleading requirements of Sections 768.72 and 768.73 do not apply to claims arising under the FCRA.

the employer, as opposed to Title VII of the federal statute, which does contain such a provision." *Speedway SuperAmerica, LLC v. Dupont*, 933 So. 2d 75, 89–90 (Fla. 5th DCA 2006) (Sharp, J.)  Unlike Title VII, the FCRA "simply provides" for a punitive damages award.  *Dupont*, 933 So. 2d at 89–90.

"Some federal courts have applied Title VII's punitive damages standard to claims for punitive damages under the FCRA."  Fla. Std. Jury Instr. (Civ.) 417.9.  To recover punitive damages under Title VII, the defendant must have discriminated "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Richardson v. Tricom Pictures & Productions, Inc.*, 334 F. Supp. 2d 1303, 1319 (S.D. Fla. 2004) (Altonaga, J.) (quoting 42 U.S.C. § 1981a(b)(1)).  Florida law allows punitive damages if "a defendant's conduct is characterized by wilfulness, wantonness, maliciousness, gross negligence or recklessness, oppression, outrageous conduct, deliberate violence, moral turpitude, insult, or fraud." *Palm Beach Atlantic College, Inc. v. First United Fund, Ltd.* 928 F.2d 1538, 1546 (11th Cir. 1991).

James fails to allege facts sufficient to support a claim that Intelligent's actions amount to "willful, malicious, or wanton conduct."  James's allegation that she "repeatedly reported sexual harassment and that the Defendant failed to take prompt remedial action" fails, on its own, to support a claim that Intelligent acted wilfully, maliciously, or recklessly.  Accordingly, James's claims for punitive damages are **DISMISSED**.

## CONCLUSION

Intelligent's motion (Doc. 33) to dismiss is **GRANTED IN PART**.  Count I is

**DISMISSED**.  Count IV is **DISMISSED WITH PREJUDICE**.  No later than

**JULY 30, 2017**, James must amend the complaint to comply with this order.

ORDERED in Tampa, Florida, on July 21, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE